IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

RAMONA SPENCER,
    PLAINTIFF,

V.                            CIVIL ACTION NO. 11-2105

ALIEF INDEPENDENT SCHOOL DISTRICT,
    DEFENDANT.

### PLAINTIFF'S, RAMONA SPENCER, ORIGINAL COMPLAINT

Plaintiff files this complaint with respect to discrimination in employment with Alief Independent School District.  Plaintiff is a long-term employee and complains with respect to race and age discrimination and would submit as follows, to-wit:

### Jurisdiction and Venue

1.  Jurisdiction vests under 28 U.S.C. section 1331 (federal question), 28 U.S.C. section 1343 (civil rights) and 42 U.S.C. section 1981.

2.  At all times material to this action, Plaintiff is resident of Fort Bend County, Texas.  All matters related to this action have occurred in Fort Bend County/Harris County, Texas, including the entering of the contract of employment.

## Parties

3. Plaintiff is an American citizen of African descent.

4. Plaintiff is over the age of forty years of age.

5. Defendant is an employer as that term is defined in employment law and is defined as a governmental entity under Texas law.

6. Plaintiff has exhausted her administrative remedies and has received a right to sue letter. This lawsuit is timely filed.

## Facts Statement/Disparate Treatment

7. Plaintiff began her employment with Alief Independent School District in 1997. Plaintiff came to Alief as an Assistant Principal.

8. At the time of filing her complaint of discrimination, Plaintiff had been in the field of education for twenty-five (25) years. Her initial twelve (12) years in education were with the La Marque Independent School District.

9. This lawsuit complains that Plaintiff has suffered disparate treatment including denial of promotions and not being provided comparable conditions of employment.

10. The District has a policy of not posting jobs for promotion. The District will not post jobs and/or assign

jobs to individuals without regard to providing equal opportunity to apply;

11. In context of the District's policies, practices and procedures, in the school years 2008-2009, in the Spring of 2009 the Ninth Grade Principal was moved to Kerr High School as Principal.

12. The position was not posted and Complainant could not apply for the position because of the practice and/or custom and/or policy of not posting positions and pre filing the position with favored candidate.

13. Plaintiff has applied for four (4) positions during her tenure with the District:

    i) Assistant Director of Athletics (applied in 2004) - Position given to a Rick Elizalde (Hispanic male) who was not qualified and who did not possess the posted qualifications for the position (did not possess a master's degree or a teaching degree) (race complaint). After Elizalde left the position, the position was reposted in 2007-2008 and the qualifications were changed to meet the new preferred person (Tom Gerber, a white male) (race complaint). The new conditions that were added include, "three years head coaching experience in a 4A or 5A school."

       I would have applied for the position and feel that the new conditions were changed to discriminatorily not allow an equal opportunity to apply and occupy the position based upon race/sex.  Gerber does not have a master's degree and has no administrative certification.

ii) Elizalde was later promoted to an Assistant Superintendent's position.  This position, too, was filled without posting, as were all newly created titles of Assistant Superintendent.

iii) Principal of Alternative school in 2004.  The position was offered to Pauline Beckley, a person less qualified than Plaintiff.  Beckley, a Black female, did not possess a Master's degree.  Beckley came in the position after serving as an Assistant Principal at Hastings Ninth Grade Center.  The job description required a Master's degree and Mid-management/Principal certificate (age complaint).

iv) May 2009, applied for Assistant Principal position in Kerr High School.  The position would have been a lateral transfer in context of title, but in all probability meant more money and a more prestigious position in that the school

4

      focuses on academics only, no extra curricula activities.  The student body consists of mostly Asian, White and Middle Eastern Students.  African American and Hispanic students constitute a small percentage of the student body; there has never been an African American Principal or Assistant Principal on this campus.  The position was filled by Kim Mathis, a White female.  Mathis has resigned /left the district twice (race/age).  The position was posted.

v)   Application in February 2010 for Summer School Assistant Principal position.  Summer school principal positions add to experience and job opportunities; serving in these positions also increases one's pay.  Positions were filled by persons who were less qualified (Catherine Lee has less than one (1) full year of experience; the position was given to Lee who also possesses no qualifications/experience in instruction) (race/age).

vi)   Complainant applied for the Principal position at the Alief Learning Center (alternative school) in July/August 2010.  The job description was manipulated to slot and fill the position for the

        selected candidate (job number 071515). The 2004 posting for the position did not require alternative school experience, the new posting required alternative school experience. The new condition was directed to the preselected candidate, a White female (Mary Wilson) (race/age).

### Disparate Treatment

14. It is Plaintiff's position that race and/or sex has been a factor in her employment because younger and/or individuals of a different race have been given benefits of employment, and/or rules modified to meet their skill levels and then granted promotions.

15. Promotions by the District have created circumstances wherein the higher positions are occupied by others of a different race, with few African American occupying the higher level administrative position.

16. The district is a majority/minority district, but the district's hiring patterns maintains the status quo. This has been achieved by the district's policy/practice of non-posting positions and changing position title/job requirement (practice) in order to hire and/or place the desired candidate.

17. The district's promotion policy has had the effect of affecting Plaintiff's retirement (last three years of highest compensation is the basis of retirement benefit).  Plaintiff has been denied this future compensation because of the discriminatory effect of the District's actions.

### Prayer for Relief

18. Plaintiff prays for the following relief:
    A. Declaratory relief stating that the Defendant has engaged in discriminatory conduct and that Defendant has violated Plaintiff's civil rights;
    B. Back wages and benefits;
    C. Compensatory damages incurred in the past, present and future;
    D. Reasonable and necessary attorney's fees incurred in the prosecution of this matter.
    E. Pre-judgment and post-judgment interest;
    F. Costs of court.

19. Plaintiff also prays for all relief in equity and under law to which they may be deemed entitled.

DATE:   June 6, 2011.

Respectfully submitted,

/S/ ANTHONY P. GRIFFIN
_____

ANTHONY P. GRIFFIN
ATTORNEY-IN-CHARGE

A GRIFFIN LAWYERS
1115 MOODY
GALVESTON, TEXAS   77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300 [TEXAS]
FEDERAL I.D. NO. 4736

ATTORNEYS FOR PLAINTIFF
RAMONA SPENCER

A JURY TRIAL IS DEMANDED

c:word.spencer_ramona.original_complaint

8