UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **RAMONA SPENCER,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Civ. Action No. 4:11-cv-02105** |
| | § | |
| **ALIEF INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

_____

## MEMORANDUM AND ORDER
_____

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended
Complaint ("Motion"). (Doc. No. 23.) After considering the Motion, Plaintiff's response,
and the applicable law, the Court concludes that the Motion should be **GRANTED** in
part and **DENIED** in part.

### I. BACKGROUND

Plaintiff Ramona Spencer ("Plaintiff" or "Spencer"), a forty-year-old African
American woman, has been employed with Alief Independent School District ("the
District" or "Defendant") since 2007. (Second Am. Compl. ¶¶ 3-4, 7.) For this
Memorandum and Order only, the Court assumes the allegations in Plaintiff's Second
Amended Complaint are true. Plaintiff has been in the field of education for twenty-five
years. (_Id._ ¶ 8.) While employed with Defendant, Plaintiff suffered disparate treatment,
including denial of promotions "and not being provided comparable conditions of

employment." (*Id.* ¶ 9.) Defendant has "a policy of not posting jobs for promotion" and of "assign[ing] jobs to individuals without regard to providing equal opportunity to apply." (*Id.* ¶10.) Plaintiff has applied for four positions during her tenure with Defendant: Assistant Director of Athletics in 2004; Assistant Principal in May 2009; Summer School Assistant Principal in February 2010; and Principal in July 2010. (*Id.* ¶¶ 13(i)-(vi).) Plaintiff was denied these positions based on her race, age, and/or gender. (*Id.*)

Plaintiff takes the "position that race and/or age has been a factor in her employment because younger and/or individuals of a different race have been given benefits of employment, and/or rules modified [sic] to meet their skill levels and then granted promotions [sic]." (*Id.* ¶ 14.) Further, "[p]romotions by the District have created circumstances wherein the higher positions are occupied by others of a different race, with few African Americans occupying the higher level administrative position [sic]." (*Id.* ¶ 15.) Although the district is a "majority/minority" district, Defendant's hiring patterns have maintained "the status quo." (*Id.* ¶ 16.) Specifically, Defendant's "policy/practice" includes "non-posting positions and changing position title/job requirement [sic] (practice) in order to hire and/or place the desired candidate." (*Id.*) Defendant's promotion policy has had a detrimental effect on Plaintiff's retirement benefits, as the last three years of highest compensation are used to calculate benefits. (*Id.* ¶ 17.) Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1981, Title VII, 32 U.S.C. 2000(e), and the Age Discrimination in Employment Act ("ADEA"), seeking declaratory relief, back wages and benefits, compensatory damages, and attorneys' fees. (*Id.* ¶ 18.) Defendant now seeks to dismiss all claims against it.

## II. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuviller v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*  A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.  The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401

F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions,
Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

### III. ANALYSIS

### A. Claims Under 42 U.S.C. § 1981

Defendant argues that Plaintiff's § 1981 claims must be dismissed because there
is no private right of action under § 1981 against local governmental entities. (Mot.
Dismiss 4.) *See Jett v. Dallas Independennt School District*, 491 U.S. 701, 731-33, 109
S.Ct. 2702, 105 L.Ed.2d 598 (1989) (concluding that "the express cause of action for
damages created by § 1983 constitutes the exclusive federal remedy for violation of the
rights guaranteed in § 1981 by state governmental units"); *Oden v. Oktibbeha County,
Miss.*, 246 F.3d 458, 464 (5th Cir. 2001). Plaintiff does not mention § 1983 in her Second
Amended Complaint. Even if she did bring her allegations under § 1983, however,
Defendant contends that Plaintiff's claims would be precluded by the statute of
limitations. (Mot. Dismiss 5-6.) The statute of limitations for a suit brought under § 1983
is determined by the general statute of limitations governing personal injuries in the
forum state; in Texas, the statute of limitations is two years. *Piotrowski v. City of
Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Pete v. Metcalf*, 8 F.3d 214, 217 (5th
Cir. 1993); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). Plaintiff filed her
Original Complaint on June 6, 2011. (Doc. No. 1.) Therefore, Plaintiff can only bring
claims under § 1983 for events that accrued after June 6, 2009. A cause of action under §
1983 "accrues when the plaintiff 'knows or has reason to know of the injury which is the
basis of the action.'" *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 894 (5th Cir. 2005)
(quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)).

Plaintiff knew or should have known of the injuries alleged in her Second Amended Complaint that occurred prior to June 6, 2009. In other words, Plaintiff knew or should have known that she was not given the job of Assistant Director of Athletics in 2004, and was denied the position of Assistant Principal in May 2009. (Second Am. Compl. ¶¶ 13(i), 13(iv).)[1] Therefore, those claims are barred by the statute of limitations. Plaintiff does allege, however, that she applied for two positions after June 6, 2009: Summer School Assistant Principal in February 2010, and Principal at the Alief Learning Center in July 2010. (*Id.* ¶¶ 13(v)-(vi).)

According to Defendant, any claims for racial discrimination arising from denial of these two promotions must be dismissed because Plaintiff fails to plead facts that would support municipal liability under § 1983. (Mot. Dismiss 4-5.) "Section 1983 only proves a cause of action against local governmental units … when the allegedly improper action was taken pursuant to an official policy or governmental custom." *U.S. v. Matagorda County, Tex.*, 181 F.Supp.2d 673, 683 (S.D. Tex. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978)). Further, § 1983 does not provide for governmental liability premised upon a theory of *respondeat superior*. *Id.* (citing *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (quoting *Monell*, 436 U.S. at 694). "The three attribution principles identified here—a policymaker, an official policy and the moving

---

[1] It is unclear, from the allegations in Plaintiff's Second Amended Complaint, whether she also applied for the positions of Assistant Superintendent (Second Am. Compl. ¶ 13(ii)) and Principal of Alternative School (Second Am. Compl. ¶ 13(iii)). If she indeed did apply for these positions, these events accrued prior to June 6, 2009.

force of the policy—are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id.* (internal quotations omitted).

A custom or policy can stem from a policy statement formally announced by an official policymaker. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 168 (5th Cir. 2010). Alternatively, a custom or policy can be demonstrated through a "'persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Id.* at 168-69 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). Importantly, "[i]t is not enough that an illegal custom exist; municipal policymakers, who are the persons capable of subjecting a municipality to liability, must be chargeable with awareness of the custom." *Milam v. City of San Antonio*, 113 Fed.Appx. 622, 626 n.3 (5th Cir. 2004). In other words, "a plaintiff must show the policy was promulgated by the municipality's policymaker." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

Plaintiff does allege that she was discriminated against, and that the moving force of the discrimination was a policy or custom. Specifically, Plaintiff states: "The District has a policy of not posting jobs for promotion. The District will not post jobs and/or assign jobs to individuals without regard to providing equal opportunity to apply." (Second Am. Compl. ¶ 10.) Plaintiff goes on to claim: "The district is a majority/minority district, but the district's hiring patterns maintains [sic] the status quo. This has been achieved by the district's policy/practice of non-posting positions and changing position title/job requirement [sic] (practice) in order to hire and/or place the desired candidate."

(*Id.* ¶ 16.) Plaintiff alleges that the Summer School Assistant Principal position was given to someone who was less qualified based on her race and age. (*Id.* ¶ 13(v).) Similarly, Plaintiff alleges that the posting for the position of Principal at the Alief Learning Center "was manipulated to slot and fill the position for the selected candidate," a white female. (*Id.* ¶ 13(vi).) This Court has previously determined that a plaintiff can survive a motion to dismiss a § 1983 claim by alleging, for example, "past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy." *Thomas v. City of Galveston, Tex.*, No. H-10-3331, 2011 WL 3290317, at *14 (S.D. Tex. Aug. 1, 2011) (footnotes omitted). Plaintiff alleges that she was denied these two positions due to the Defendant's policy and pleads that she was personally harmed on multiple occasions. As a consequence, Plaintiff succeeds in pleading a policy or custom that was the moving force behind the discrimination against her.

To state a claim under § 1983, however, Plaintiff must allege "'[a]ctual or constructive knowledge of [a] custom … attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority.'" *Piotrowski*, 237 F.3d at 579 (quoting *Webster*, 735 F.2d at 842). As mentioned above, Plaintiff does not actually assert a cause of action under § 1983, as she is required to do. *Meyers v. La Porte Independent School Dist.*, 277 Fed.Appx. 333, 335 (5th Cir. 2007) (unpublished) ("In order to remedy violations of § 1981, a plaintiff must assert a cause of action under § 1983…. This requirement is not a mere pleading formality." (quotations and citations omitted)). Even if she had brought her claims pursuant to § 1983, Plaintiff

would nonetheless have failed to state a claim, as she did not allege actual or constructive knowledge on behalf of the municipality or an official delegated with policy-making authority. However, the Court grants Plaintiff leave to amend her Second Amended Complaint within 14 days of the date of this Memorandum and Order. Plaintiff is ordered to amend her Second Amended Complaint to bring it in conformity with the legal requirements outlined above. The Court denies Defendant's Motion to Dismiss Plaintiff's claims of racial discrimination under § 1981 arising from the February 2010 and July 2010 incidents, without prejudice to refiling after Plaintiff has filed her amended complaint. The Court grants Defendant's Motion to Dismiss Plaintiff's claims of racial discrimination under § 1981 for all other incidents. The Court also dismisses Plaintiff's claims for age discrimination arising from the February 2010 and July 2010 incidents under § 1981, as § 1981 does not proscribe discrimination based upon sex or age. *Evans v. City of Houston*, 246 F.3d 344, 356 n.9 (5th Cir. 2001) (observing that "§ 1981 prohibits only racial discrimination"); 42 U.S.C. § 1981(a).

### B. Plaintiff's Age, Race, and Sex Discrimination Claims Under Title VII and the ADEA

Defendant asserts that Plaintiff's age, race, and sex discrimination claims under Title VII and the ADEA must be dismissed because both Title VII and the ADEA require a plaintiff to file suit within ninety days of the receipt of a right-to-sue letter from the applicable agency. (Mot. Dismiss 6-7.) Defendant points out that the Court dismissed Plaintiff's suit without prejudice at a scheduling conference on September 28, 2011. (*Id.* 7.) The Court granted Plaintiff's Motion to Reinstate (Doc. No. 6) on October 4, 2011. (Doc. No. 8.) Plaintiff received her right-to-sue letter for her ADEA claims on January 26, 2011, and her Title VII right-to-sue letter on March 2, 2011. (Ex. 2-3 to Mot.

Dismiss.) According to Defendant, as the doctrine of equitable tolling does not apply to a discrimination suit dismissed without prejudice, Plaintiff's re-instated case falls outside of the 90-day limitations period. (Mot. Dismiss 7.) *See Peacock v. J.A.M. Distributing, Inc.*, 364 Fed.Appx. 916, 916-17 (5th Cir. 2010) ("[A] timely filed Title VII suit dismissed for want of prosecution does not toll the 90-day limitations period." (citing *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988))). Therefore, Defendant urges, Plaintiff's ADEA and Title VII claims must be dismissed.

Defendant does not dispute that Plaintiff filed her Original Complaint within 90 days of receiving her Title VII right-to-sue letter. (Mot. Dismiss 7-8.) Defendant is correct that a timely-filed Title VII suit, dismissed for want of prosecution, does not toll the 90-day limitations period if a plaintiff brings a second lawsuit. *See Price*, 846 F.2d at 1027.  In this case, however, Plaintiff filed a Motion to Reinstate the same lawsuit, which the Court granted. (Doc. No. 6.) As Plaintiff did not file a new lawsuit, but rather moved to reinstate a preexisting one, the Court finds that her Title VII claims are not barred by the statute of limitations. Therefore, the Court declines to dismiss the Title VII claims on these grounds. Plaintiff's ADEA claim, however, is another matter. Plaintiff received her ADEA right-to-sue letter in late January 2011. Thus, when Plaintiff filed her Original Complaint, the 90-day period had already expired. As such, Plaintiff's ADEA claim must be dismissed.

Additionally, Plaintiff did not properly exhaust her Title VII gender discrimination claim. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). To exhaust, a plaintiff must file a timely charge with

the United States Equal Employment Opportunity Commission ("EEOC") and receive a statutory notice of right to sue. *Id.* at 379. In her charge with the EEOC, Plaintiff only alleges race and age discrimination, not gender discrimination. (Ex. 4 to Mot. Dismiss.) As Plaintiff has failed to properly exhaust her gender discrimination claim, it does not survive the Motion to Dismiss.

Defendant further argues that the majority of Plaintiff's age and race discrimination claims are barred by the 300-day statute of limitations. (Mot. Dismiss 9.) Under Title VII, a plaintiff must file a discrimination charge with the EEOC within 300 days of the alleged unlawful conduct. *Wang v. Prudential Insur. Co.*, 439 Fed.Appx. 359, 355-56 (5th Cir. 2011) (unpublished). 42 U.S.C. § 2000e-5(e) "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 122 S.Ct. 2061 (2002). As Plaintiff filed her EEOC charge on August 13, 2010, she may only recover for discriminatory acts that occurred on or after October 17, 2009. The Court must therefore dismiss Plaintiff's Title VII claims as to all except the February 2010 and July 2010 incidents. The Court observes, however, that Plaintiff may use "the prior acts as background evidence in support of a timely claim." *Id.* at 113.

## IV. CONCLUSION

For the reasons explained above, Defendant's Motion is **GRANTED** in part and **DENIED** in part. The Court denies Defendant's Motion to Dismiss Plaintiff's claims for racial discrimination under § 1981 arising from the February 2010 and July 2010 incidents. The Court also declines to dismiss Plaintiff's Title VII race and age discrimination claims arising from the February 2010 and July 2010 incidents.

Defendant's Motion to Dismiss is granted as to all other claims. Plaintiff is ordered to file an amended complaint within 14 days of the date of this Memorandum and Order asserting a cause of action under § 1983 and curing the deficiencies in that claim described above. Defendant's Motion to Dismiss as to the remaining § 1981 claim is denied without prejudice to refiling once Plaintiff has filed her amended complaint.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 27th day of February, 2012.

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**